Alan L. Martini, SB No. 77316
SHEUERMAN, MARTINI & TABARI
A Professional Corporation
1033 Willow Street
San Jose, California 95125
Telephone: (408) 288-9700

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHANCE WORLD TRADING E.C., Kingdom of Bahrain ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CONSTRUCTION NAVIGATOR, INC., RANI ) <br> YADAV-RANJAN, Does 1 through 10, inclusive, ) <br> ) <br> Defendants. ) <br> ) | No. <br><br> **COMPLAINT FOR DAMAGES AND RESCISSION (NATIONAL SECURITIES MARKETS IMPROVEMENTS ACT OF 1996, CALIFORNIA CORPORATIONS CODE SECTION 25401) AND DAMAGES FOR BREACH OF CONTRACT AND FRAUD** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, CHANCE WORLD TRADING, E.C., Kingdom of Bahrain, alleges as follows:

**GENERAL ALLEGATIONS**

**JURISDICTION**

1.   Plaintiff, CHANCE WORLD TRADING E.C. is a joint stock exempt company

incorporated in the Kingdom of Bahrain.

2. Plaintiff is informed and believes and thereon alleges that Defendant, CONSTRUCTION NAVIGATOR, INC., is a corporation incorporated in a state presently unknown to Plaintiff.

3. Defendant, RANI YADAV-RANJAN is an individual and is now, and at all times mentioned in this Complaint, was the Chief Executive Officer of CONSTRUCTION NAVIGATOR, INC., and a resident of Santa Clara County, California.

4. Plaintiff is ignorant of the true names of the Defendants named herein as Does 1 through 25, inclusive. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

5. This court has jurisdiction over the parties and the subject matter of this action because the matter involves a federal question under the Securities Act of 1933 (Securities Act) 15 U.S.C. section 77(a) - 77(aa), the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000) and the parties are citizens of different states and countries. (28 U.S.C. sections 1331, 1332)

**VENUE**

6. Venue is proper in this court and the action should be assigned to the San Jose Division because a substantial part of the events giving rise to this action occurred in San Jose, California, and the parties are subject to personal jurisdiction in this district. (28 U.S.C. 1391).

7. On or about October 1, 2002, CHANCE WORLD TRADING, E.C. ("CHANCE WORLD") entered into a "Term Sheet" with defendant, CONSTRUCTION NAVIGATOR, INC. for the sale of securities for the sum of Two Million Dollars ($2,000,000) "deposit upon execution of the contract" and "Letter of Commitment" for Ten Million Dollars ($10,000,000) to be executed as necessary to fulfill at least its Executive Summary. A true and correct copy of the Term Sheet as

signed by CHANCE WORD October 1, 2002, is attached hereto as **Exhibit A**.

8. The Term Sheet provided that upon payment of the sum of Two Million ($2,000,000) Dollars cash (upon execution of the contract) and execution of the Letter of Commitment for Ten Million Dollars ($10,000,000), referred to above, fifty-one percent (51%) of the Ten Million shares of common stock of CONSTRUCTION NAVIGATOR, INC. would be issued to CHANCE WORLD.

9. CONSTRUCTION NAVIGATOR, INC., by and through its Chief Executive Officer, RANI YADAV-RANJAN, represented to CHANCE WORLD, through its President, Rajeev Sawhney, that the Term Sheet was contingent upon a determination by CHANCE WORLD of the viability of the technology described in the Executive Summary known as "Contractor Risk Assessment Scoring System" (CRASS).

10. It was also agreed by the parties that CHANCE WORLD would advance the sum of Two Hundred Thousand Dollars ($200,000) via wire transfer on October 1, 2002, to the CONSTRUCTION NAVIGATOR, INC. bank account for the limited purpose of retaining engineers for the technical development and testing of the CRASS program to determine its viability.

11. Securities Act section 5 (15 U.S.C. section 77(e) prohibits any offer or sale of a security unless a registration statement has been filed with the Securities Exchange Commission with respect to the proposed transaction and prohibits the sale of a security unless the registration statement is in effect unless there is an exemption from registration. (Securities Action section 3-4 (15 U.S.C. sections 77(c)-(d)).

12. The subject offer and sale of the securities in CONSTRUCTION NAVIGATOR, INC. to plaintiff were neither properly registered nor exempted from registration by applicable federal law.

13. Notwithstanding the representation by RANI YADAV-RANJAN and

CONSTRUCTION NAVIGATOR, INC. that the Two Hundred Thousand Dollar ($200,000) advance payment would be exclusively used for technical development and testing of the program, the funds have been misappropriated and used for a wide variety of non-approved and unauthorized expenses, including a substantial salary to defendant, RANI YADAV-RANJAN, other employees, and for rent of office space and other unauthorized expenses.

14. When CHANCE WORLD learned that its Two Hundred Thousand Dollar ($200,000) investment was being misappropriated, it immediately demanded that defendants CONSTRUCTION NAVIGATOR, INC. and its CEO, RANI YADAV-RANJAN, immediately cease spending any of the remaining funds it held in trust on behalf of plaintiff and to provide a full accounting of said sums, as well as corporate documentation.

15. Neither CONSTRUCTION NAVIGATOR, INC. nor its CEO, RANI YADAV-RANJAN have complied with the request and have refused to account for the funds invested by plaintiff and have further refused to provide any corporate documentation relating to CONSTRUCTION NAVIGATOR, INC.

16. At all times mentioned in this Complaint, defendant, RANI YADAV-RANJAN was the Chief Executive Officer of CONSTRUCTION NAVIGATOR, INC. As the Chief Executive Officer of CONSTRUCTION NAVIGATOR, INC., defendant, RANI YADAV-RANJAN directly or indirectly controlled defendant CONSTRUCTION NAVIGATOR, INC. As a result, defendant, RANI YADAV-RANJAN is jointly and severally liable with, and to the same extent as defendant C. NAVIGATOR, INC. for the violations of the Securities Act and the California Corporations Code described in this Complaint.

**FIRST CAUSE OF ACTION**
**(Rescission for Violation of Securities Act)**

17. Plaintiff incorporates by reference as though fully set forth paragraphs numbered 1 through 16 above, inclusive.

18. At the time of the offer for sale of the securities described above, the securities were not registered as required by the Securities Act of 1933 (Securities Act) (15 U.S.C. sections 77(a) - 77(aa)).

19. Defendants' conduct as described above was in violation of Securities Action section 5 (15 U.S.C. section 77(e)), which prohibits the offer or sale of securities by use of the mails or the facilities of interstate commerce without registration with the Securities and Exchange Commission (SEC).

20. As of the date this Complaint was filed, plaintiff has received no income on the securities.

21. Pursuant to the provisions of the Securities Act, plaintiff is entitled to rescind the sale of the securities described above and recover from defendants the consideration paid for the securities plus interest at the legal rate less the amount of any income received on the securities by plaintiff. (Securities Action section 12 (15 U.S.C. section 77(l)). Defendants are jointly and severally liable for the return of said consideration to plaintiff.

22. Plaintiff requests the court to enter a judgment against the defendants, jointly and severally, rescinding the offer and/or sale of the securities and ordering defendants to pay to plaintiff the sum of $200,000, the consideration paid for the securities, plus interest at the legal rate.

**SECOND CAUSE OF ACTION**
**(Damages from Violation of Securities Act)**

23. Plaintiff incorporates by reference as though fully set forth paragraphs numbered 1 through 22 above, inclusive.

24. At the time of the offer for sale of the securities described above, the securities were not registered as required by the Securities Act of 1933 (Securities Act) (15 U.S.C. sections 77(a) - 77(aa)).

25. Defendants' conduct as described above was in violation of Securities Action section 5 (15 U.S.C. section 77(e)), which prohibits the offer or sale of securities by use of the mails or the facilities of interstate commerce without registration with the Securities and Exchange Commission (SEC).

26. As of the date this complaint was filed, plaintiff has received no income on the securities.

27. Defendants' violation of the Securities Act entitles plaintiff to recover damages from defendants in an amount equal to the value of the consideration given for the securities, plus interest at the legal rate from the date of purchase.

**THIRD CAUSE OF ACTION**
**(Rescission - Sale of Security Induced by Misrepresentation or**
**Omission of Material Fact (California Corporations Code section 25401))**

28. Plaintiff incorporates by reference as though fully set forth paragraphs numbered 1 through 27 above, inclusive.

29. Defendants offered to sell, and sold, the securities described above by means of written and oral communications which included the untrue statement of material fact that the $200,000 advanced by plaintiff to defendants would be used exclusively for research by qualified engineers and technicians into the viability of the CRASS program, and that the subject contract was

conditioned upon the satisfaction of plaintiff that the program was viable. Furthermore, defendants omitted to state a material fact necessary in order to make the statement made, in light of the circumstances under which they were made, not misleading, in that defendants omitted to state to plaintiff that defendants intended to use the $200,000 advance for purposes other than studying the viability of the CRASS program, but to use a significant portion of the funds for such expenses as office rent and lavish salaries for defendant, RANI YADAV-RANJAN and others.

30.     The statement made by defendants was untrue and misleading in that defendants used a substantial portion of the $200,000 advance for expenses other than as authorized and agreed, including payment of rent for office space and salaries to defendant RANI YADAV-RANJAN and others. If plaintiff had known that the statements made by defendants were untrue and that defendants intended to use the $200,000 advance for purposes other than research of the viability of the program, but intended to use the advance for payment of office rent and salaries to defendant, RANI YADAV-RANJAN and others, plaintiff would not have signed the agreement and would not have purchased the securities from defendants.

31.     Defendants' conduct as described in this complaint was in violation of section 25401 of the California Corporations Code.

32.     Pursuant to the provisions of section 25501 of the California Corporations Code, plaintiff is entitled to rescind the sale of the securities described above and recover from defendant the consideration paid for the securities, plus interest at the legal rate, less the amount of any income received on the securities.

**FOURTH CAUSE OF ACTION**
**(Damages Resulting from Sale of Security Induced by Misrepresentation**
**or Omission of Material Fact (California Corporations Code section 25401))**

33. Plaintiff incorporates by reference as though fully set forth paragraphs numbered 1 through 32 above, inclusive.

34. Defendants' conduct as described in this complaint was violation of section 25401 of the California Corporations Code.

35. Pursuant to the provisions of section 25501 of the California Corporations Code, plaintiff is entitled to recover from defendants damages equal to the difference between the value of the securities at the time of the filing of this complaint and the price at which the securities were sold plus interest at the legal rate from the date of sale.

**FIFTH CAUSE OF ACTION**
**(Conversion)**

36. Plaintiff incorporates by reference as though fully set forth paragraphs numbered 1 through 35 above, inclusive.

37. Defendants willfully converted the $200,000 advanced without lawful justification.

38. Defendants' conversion was reprehensible, despicable, and was not with malice, and justifies an award of punitive damages in addition to compensatory damages in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(Breach of Fiduciary Duty)**

39. Plaintiff incorporates by reference as though fully set forth paragraphs numbered 1 through 38 above, inclusive.

40. In or about October 2002, defendants persuaded plaintiff to enter into the Term Sheet with them. The agreement was contingent upon plaintiff satisfying itself as to the viability of the CRASS program.

41. Plaintiff advanced the sum of $200,000 to defendants, as an advance of the consideration called for in the agreement, to be used exclusively for the purposes of studying and testing the viability of the CRASS program. As a material inducement for plaintiff to entrust $200,000 to them, defendants represented and led plaintiff to believe that the $200,000 advanced would be used solely for the purpose of studying the viability of the program, and for no other purpose.

42. Defendants owed plaintiff the fiduciary duties of loyalty, integrity, fidelity, diligence and competence, all of which are well rooted in the common law of agency, as well as the statutory scheme established under the Securities Act. At all times herein mentioned, there was a fiduciary relationship between plaintiff and defendants by virtue of defendants' agreement to hold plaintiff's $200,000 advance in trust to be used solely to pay engineering costs incurred in connection with studying the viability of the CRASS program.

43. As a consequence of their fiduciary relationship with plaintiff described above, defendants, and each of them, were obligated to deal with plaintiff with the utmost good faith, as a trustee would toward its beneficiaries, and as an agent would toward its principal.

44. Defendants, and each of them, breached their fiduciary duties to plaintiff by exceeding the authority granted to them by using part of the $200,000 advance to pay salaries to defendant, RANI YADAV-RANJAN, and others, as well as for payment of other business expenses, such as office rent and by failing to keep plaintiff truthfully informed of the status of plaintiff's $200,000 investment, and by failing to provide plaintiff with accountings for expenditures from the $200,000 advanced payment as requested by plaintiff.

45. By virtue of defendants' fiduciary relationship with plaintiff, and their continuous misrepresentations, false assurances and inducements as previously pled herein, plaintiff did not, and

could not have, in the exercise of reasonable diligence, discovered the actions by which defendants' breached their contractual, statutory and fiduciary obligations to plaintiff, before plaintiff began to mitigate its damages.

46. In engaging in the conduct herein alleged, and by making decisions that served their own interests rather than the interests of plaintiff, defendants could reasonably foresee that their conduct would result in substantial injury to plaintiff.

47. As a proximate result of defendants' wrongful acts and omissions as alleged herein, plaintiff has been damaged in an amount to be proven at trial.

48. In engaging in the wrongful acts and omissions as herein alleged, defendants acted reprehensibly, despicably, willfully, and in conscious disregard of plaintiff's interests and their own fiduciary and statutory duties to plaintiff. The conduct of said defendants was motivated by self-interest, oppression, fraud, malice, and with an intent to deprive plaintiff of the money it expended for their own unjust and unlawful purposes. In the interest of deterring such reprehensible conduct on the part of said defendants in the future, an award of punitive damages against defendants, and each of them, in precise amounts to be determined at trial, is amply justified and necessary.

**SEVENTH CAUSE OF ACTION**
**(Breach of Contract)**

49. Plaintiff incorporates by reference as though fully set forth paragraphs numbered 1 through 48 above, inclusive.

50. Plaintiff performed its duties under the agreement by, among other things, advancing $200,000 to defendants for the limited purpose of studying the viability of the CRASS program.

51. Defendants breached the agreement by, among other things, incurring unauthorized expenses, including salaries to defendant, RANI YADAV-RANJAN and others, as well as incurring of unauthorized office expenses, including rent.

As a result of the breach of contract, plaintiff has been damaged in an amount to be proven at trial.

WHEREFORE,

Plaintiff requests that the court enter a judgment:

1) Rescinding the offer and sale of the securities and ordering defendants to pay to plaintiff the sum of $200,000, the consideration paid for the securities, plus interest at the legal rate;

2) Awarding plaintiff damages in the sum of $200,000;

3) Awarding plaintiff punitive damages;

4) Imposing a constructive trust in favor of plaintiff and against defendants for the sum of $200,000 paid in trust to plaintiffs;

5) Awarding plaintiff the costs of suit; and

6) Awarding plaintiff any other and further relief that the Court considers proper.

DATED: February 21, 2003                    SHEUERMAN, MARTINI & TABARI

                                            By: _____
                                                Alan L. Martini
                                                Attorneys for Plaintiff

DEMAND FOR JURY

**DEMAND FOR JURY**

Plaintiff demands a trial by jury in this action pursuant to Rule 38(b), Federal Rules of Civil Procedure.

| | | |
|---|---|---|
| 1 | Dated: March 11, 2003 | SHEUERMAN, MARTINI & TABARI |
| 2 | | |
| 3 | | _____ |
| 4 | | ALAN L. MARTINI, SB NO. 77316<br>Attorney for Plaintiff |
| 5 | | |
| 6 | | |
| 7 | F:\data\wpwin60\Chance World\complaint.wpd | |

COMPLAINT                                                                                                              12

Chance World Trading E.C.
Office No. 328, Block 309, Road No. 912
North Segaiya, Opposite to Japanese Embassy, Manama, Bahrain
P.O. Box 5485
Fax No. 973/232-093/530376